**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **REGAN SLIGER, on behalf of herself and all others similarly situated,** | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | **CLASS AND COLLECTIVE ACTION** |
| **STOVER DIAGNOSTICS LABORATORIES, INC., STOVER MEDICAL LOGISTICS, INC., and STOVER MEDICAL PHYSICIAN SERVICES, LLC,** | ) ) ) ) ) ) | **CASE NO.**  19-3312  **JURY DEMAND** |
| *Defendants*. | ) ) | |

<u>**CLASS AND COLLECTIVE ACTION COMPLAINT**</u>

1.     Plaintiff Regan Sliger brings this class and collective action for unpaid minimum and overtime wages against Defendants Stover Diagnostics Laboratories, Inc., Stover Medical Logistics, Inc., and Stover Medical Physician Services, LLC (collectively "Defendants"). Plaintiff brings a collective action under the Fair Labor Standards Act ("FLSA"), on behalf of herself and all similarly situated individuals who opt into this action, pursuant to 29 U.S.C. § 216(b), seeking all unpaid minimum and overtime wages, liquidated damages, costs, and attorneys' fees under the FLSA, 29 U.S.C. §§ 201, *et seq.* Plaintiff further brings a class action, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated current and former workers of Defendants who worked for Defendants within the State of Missouri. Plaintiff's class action is brought pursuant to Missouri's wage laws, Mo. Rev. Stat. § 290.500, *et seq.*, and she seeks all unpaid minimum wages and overtime wages for all hours worked in excess of 40 in any given workweek, treble  damages, costs, and attorneys' fees.

1

## I. JURISDICTION AND VENUE

1.      This Court has original jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

2.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. 1332(a) and § 1332(d)(2)(A) ("the Class Action Fairness Act") for the claims being brought under Mo. Rev. Stat. § 290.500, *et seq.* ("Missouri Wage Law").

3.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. The Defendants conduct business and can be found in the Eastern District of Missouri, and the cause of action set forth herein has arisen and occurred in part in the Eastern District of Missouri. Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within Missouri. Indeed, Defendants are headquartered within the Eastern District of Missouri.

## II. PARTIES

4.      Plaintiff Regan Sliger is a resident of Troy, Lincoln County, Missouri. Plaintiff Sliger was employed by Defendants from on or around December 3, 2015 until on or around February 26, 2018 as a mobile phlebotomist. Plaintiff Sliger's work for Defendants was based out of O'Fallon, Missouri and she traveled to collect blood, stool, and urine samples from patients in Missouri, Illinois, Indiana, Kansas, Tennessee, and Kentucky, usually hundreds of miles each day. At the end of each day, Plaintiff Sliger would drop off the samples she collected in O'Fallon, Missouri at Defendants' laboratory for testing. Throughout her employment with Defendants, Plaintiff Sliger was an

employee within the meaning of the FLSA and Missouri Wage Law.

5.     At all relevant times Plaintiff, and those she seeks to represent, were employees engaged in commerce or in the production of goods for commerce.

6.     Defendant Stover Diagnostics Laboratories, Inc. is a privately held corporation incorporated in Missouri which does business within this judicial district. Defendant Stover Diagnostics Laboratories, Inc.'s principal place of business is in St. Charles County, Missouri.

7.     Defendant Stover Medical Logistics, Inc. is a privately held corporation incorporated in Missouri which does business within this judicial district.  Defendant Stover Medical Logistics, Inc.'s principal place of business is in St. Charles County, Missouri.

8.     Defendant Stover Medical Physician Services, LLC is a Missouri limited liability company which does business within this judicial district. Defendant Stover Medical Physician Services, LLC's principal place of business is in St. Charles County, Missouri. Defendant Stover Medical Physician Services, LLC has one member, Matthew Stover, and he resides in Missouri.

9.     Though based in Missouri, Defendants "offer[] mobile phlebotomy services currently in eighteen states."[1] Defendants operate / have operated their mobile phlebotomy business under the names Stover Medical Support Services, Stover Medical Support Services, Inc., Stover Diagnostic Laboratory, Inc., Stover Diagnostics, and Stover Diagnostics Laboratories, Inc., among other names.

10.     Defendants are an enterprise whose gross volume of sales made or business

---

[1]     "Phlebotomy Locations," https://www.stovermedicalservices.com/?page_id=16 (accessed Aug. 2, 2019)

done is not less than $500,000 exclusive of excise taxes; and employ individuals who are engaged in interstate commerce, in the production of goods for interstate commerce, and who handle, sell, or otherwise work on goods and materials that have been moved in and were produced for commerce.

11.     Defendants are employers within the meaning of the FLSA and Missouri Wage Law.

### III. FACTS

12.     Defendants provide mobile phlebotomy services, and have a presence in 18 states.

13.     To provide these services, Defendants employ mobile phlebotomists.

14.     Plaintiff and those she seeks to represent are mobile phlebotomists who have been employed by Defendants.

15.     Each day Defendants' mobile phlebotomists travel to patients' homes and skilled nursing facilities where they perform blood draws and take urine and stool samples for laboratory testing, then transport those samples to drop them off for shipping to Defendants' laboratory in Missouri and/or drop them off at Defendants' laboratory in Missouri.

16.     Because the primary duty of Defendants' mobile phlebotomists is to travel to patients to collect specimens for laboratory testing (rather than patients traveling to the mobile phlebotomists), all of their time spent traveling each day constitutes compensable work time, for which they are entitled to the applicable statutory minimum wage and overtime wage for hours over 40 in a workweek.

17.     Defendants provide their mobile phlebotomists with schedules that dictate the number of patient visits, which patients to visit, and the distance to be driven each

day.

18.     Defendants' mobile phlebotomists do not choose how many or which patients they are scheduled to visit each day.  Indeed, Defendant Stover Medical Logistics, Inc. generates daily lists of specimen draws that need to be completed each day by Defendants' mobile phlebotomists.

19.     These schedules require mobile phlebotomists, including Plaintiff, to perform several visits and to travel hundreds of miles each day

20.     Defendants' mobile phlebotomists use their own vehicles to perform mobile phlebotomy services.

21.     Defendants supply all other equipment necessary for Plaintiff and those she seeks to represent to perform mobile phlebotomy services.

22.     Defendants require mobile phlebotomists to wear badges identifying them as employees of Defendants.

23.     Defendants train mobile phlebotomists and can discipline, hire, and fire them.

24.     For these and other reasons, Defendants' mobile phlebotomists are dependent on Defendants as a matter of economic reality and are therefore Defendants' employees.

25.     As mobile phlebotomists, Plaintiff and those she seeks to represent almost always worked in excess of eight hours each day—and typically at least 12 hours each day—and five days per week.

26.     As a result, Plaintiff, and those she seeks to represent, routinely worked over 40 hours in a week.

27.     Due to the long work hours, Plaintiff, and those she seeks to represent, could

not seek out or take on additional jobs or see additional patients outside of those assigned by Defendants.

28.     Defendants pay their mobile phlebotomists as independent contractors rather than employees.

29.     Defendants failed to pay Plaintiff and other mobile phlebotomists at least the statutory minimum hourly wage for hours up to 40 in a workweek and failed to pay the statutory minimum wage per hour for hours over 40 in a workweek.

30.     As a result, Defendants violated the minimum wage and overtime provisions of the FLSA and of Missouri law.

31.     Defendants did not record Plaintiff's time worked, nor did they record the time worked by those Plaintiff seeks to represent.

32.     However, Defendants were aware of the long hours Plaintiff and other mobile phlebotomists worked each day because they scheduled Plaintiff's visits and because Plaintiffs invoiced their mileage.

33.     Thus, Defendants knew and/or acted with reckless disregard of the fact that their failure to pay Plaintiffs and other employees for their work violates the minimum wage and overtime requirements of the FLSA and Missouri Wage Law.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of similarly situated employees (the "FLSA Class"):

> All persons who have worked or will work as a mobile phlebotomist (or persons with similar job duties) for Defendants at any time since three years prior to the filing of this Complaint, who have not filed claims in any other action.

35.    Plaintiff and the class defined above are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, among other things, they were misclassified as independent contractors by Defendants, even though they were economically dependent on Defendants as a matter of economic reality. In short, members of this class were subject to the same policies and practices as Plaintiff, which are described in detail above. As a result, they were all victims of common policies and practices that resulted in a violation of the minimum wage and overtime provisions of the FLSA.

36.    The FLSA requires that employers pay covered employees at least $7.25 for every hour worked up to 40 in a workweek. 29 U.S.C. § 206(a).

37.    The FLSA requires that employers pay covered employees at least $10.88 (one and one-half times the statutory minimum wage) for every hour worked in excess of 40 in a workweek. 29 U.S.C. §§ 206(a), 207(a). Plaintiff and the members of the FLSA Class defined above have performed work in excess of 40 hours in a workweek. Defendants have failed to pay Plaintiff and the members of the FLSA Class defined above these amounts. Instead, Defendants pay Plaintiff and the members of the FLSA Class defined above based on invoices tracking their visits and mileage, without regard to the amount of time worked.

38.    Thus, in violation of the FLSA, Defendants have failed to pay Plaintiff and the members of the FLSA Class defined above at least the statutory minimum wage of $7.25 per hour for the time up to 40 in a workweek spent traveling, taking blood and urine samples, transporting samples to the appropriate drop-off location for shipping to Defendants' laboratory, and completing billing paperwork.

39.    Similarly, in violation of the FLSA, Defendants have failed to pay Plaintiff and the members of the FLSA Class defined above at least $10.88 (one and one-half times

the statutory minimum wage) for every hour worked in excess of 40 in a workweek.

40.    In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## V. CLASS ACTION ALLEGATIONS

41.    Plaintiff Sliger brings her Missouri Wage Law claim, Mo. Rev. Stat. § 290.500, *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class(the "Missouri Class"):

> All persons who have worked or will work as a mobile phlebotomist (or persons with similar job duties) for Defendants in the state of Missouri at any time since three years prior to the filing of this Complaint.

42.    The Missouri Wage Law, Mo. Rev. Stat. § 290502.1 requires that all employers shall pay employees a statutory minimum wage for every hour worked.

43.    The Missouri Wage Law, Mo. Rev. Stat. § 290505.1 requires that all employers shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of 40 per workweek.

44.    Defendants violated the Missouri Wage Law by failing to compensate Plaintiffs and Missouri Class members at the statutory minimum wage and overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of 40 per workweek.

45.    Class action treatment of Plaintiffs' Missouri Wage Law claim is appropriate because, as alleged in paragraphs 46-51 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

46.    The Missouri Class is sufficiently numerous that joinder of all class members is impracticable.

47.    Plaintiff Sliger is a member of the Missouri Class, and her Missouri Wage Law claim is typical of the claims of other Missouri Class members. For example, Plaintiff Sliger and the Missouri Class members share an identical legal and financial interest in obtaining a judicial finding that Defendants violated the Missouri Wage Law when they failed to pay them the statutory minimum wage for all hours worked and the statutorily required overtime wage for all hours worked over 40 in each workweek. Plaintiff has no interests that are antagonistic to or in conflict with the Missouri Class's collective interest in obtaining such a judicial finding.

48.    Plaintiff will fairly and adequately represent the interests of the Missouri Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Missouri Class.

49.    Questions of law and fact are common to the class. Plaintiff and the Missouri Class have been subjected to the common business practices described herein, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether Plaintiff and members of the Missouri Class are employees, as defined by the Missouri Wage Law, and whether Plaintiff and members of the Missouri Class are entitled to receive a minimum wage for all hours worked and overtime wage for hours worked in excess of forty per workweek, as defined by the Missouri Wage Law.

50.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Missouri Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be

dispositive of the interests of non-party Missouri Class members.

51.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced herein, predominate over any questions affecting only individual Missouri Class members.  In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

52.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Missouri Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.  In turn, under Mo. Rev. Stat. § 290.527, Plaintiffs and the Missouri Class are entitled to liquidated damages, attorney's fees and costs incurred in connection with this claim.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief on behalf of themselves and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the members of the FLSA Class defined above;

B.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Missouri Class defined above;

C.    Prompt notice of this litigation pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Class defined above;

D.    Prompt notice of this litigation pursuant to Fed. R. Civ. P. 23 to all members of the Missouri Class defined above;

E.    Designation of Plaintiff Regan Sliger as Class Representative of the Missouri

Class;

F.    Designation of Plaintiff's Counsel as Class Counsel representing the Missouri Class;

G.    A finding that Defendants have violated the minimum wage and overtime provisions of the FLSA;

H.    A finding that Defendants' FLSA violations are willful;

I.    A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Law;

J.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

K.    A judgment against Defendants and in favor of Plaintiff and the members of the FLSA Class defined above for compensation for all unpaid minimum and overtime wages that Defendants have failed and refused to pay in violation of the FLSA and liquidated damages to the fullest extent permitted under the FLSA;

L.    An award of damages for overtime compensation due the Plaintiff and Missouri Class, including liquidated damages allowed under the Missouri Wage Law to be paid by Defendants;

M.    Litigation costs and expenses and Plaintiff's attorneys' fees and expert fees to the fullest extent permitted under the FLSA, the Missouri Wage Law, and the Federal Rules of Civil Procedure;

N.    Pre-judgment and Post-judgment interest to the fullest extent permitted under the law; and

O.    Such other and further relief as this Court deems necessary, just, and proper in equity and under the law.

## XII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: August 22, 2019                    Respectfully submitted,

*/s/ Brendan J. Donelon*
**BRENDAN J. DONELON, MO #43901**
DONELON, P.C.
4600 Madison, Suite 810
Kansas City, Missouri 64112
Telepohe:    (816) 221-7100
brendan@donelonpc.com

**DANIEL W. CRAIG, MO #43883**
DONELON, P.C.
6614 Clayton Rd., #320
St. Louis, Missouri 63117
Telephone:    (314) 297-8385
dan@donelonpc.com

**DAVID W. GARRISON \***
**JOSHUA A. FRANK \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, Tennessee 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**EMILY ALCORN \***
GILBERT MCWHERTER SCOTT BOBBITT, PLC
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
ealcorn@gilbertfirm.com

 *\* Motion for Admission anticipated*

*Attorneys for Plaintiffs*